IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | |
| One 2002 Dodge Stratus, VIN 1B3EL36X12N305971, and $21,319.00 in United States Currency, | : | Civil Action No. |
| Defendant. | : | |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Richard C. Kay, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against properties involved in violations of the Controlled Substances Act that are subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(4) and (6).

## THE DEFENDANT *IN REM*

2. The defendants are One 2002 Dodge Stratus, VIN 1B3EL36X12N305971, and $21,319.00 in United States currency (the "Defendant Properties"), which were seized on December 15, 2012, from Fitzroy C. Simon, and subsequently were placed in the custody of the Drug Enforcement Administration in the District of Maryland where they remain.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Properties. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

4. This court has *in rem* jurisdiction over the Defendant Properties under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the properties pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the properties are located in this district.

## BASIS FOR FORFEITURE

6. The Defendant 2002 Dodge Stratus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) as a vehicle used, or intended to be used, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of controlled substances. But the Defendant 2002 Dodge Stratus and the Defendant $21,319.00 U.S. currency are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because they constitute (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Edward Marcinko, Jr., Special Agent of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, the Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;
2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Properties;
3. That Judgment of Forfeiture be decreed against the Defendant Properties;
4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Properties according to law;
5. That the Plaintiff have such other and further relief as the case may require.

Dated: July 16, 2013

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

_/s/ Richard C. Kay_
Richard C. Kay
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $21,319.00 in United States Currency, and one 2002 Dodge Stratus, VIN 1B3EL36X12N305971.

I, Edward Marcinko, Jr., Special Agent of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $21,319.00 in United States Currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). I further submit that there are sufficient facts to support a reasonable belief that the 2002 Dodge Stratus constitutes a vehicle used, or intended to be used, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of 21 U.S.C. § 841, and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

    a.    On December 15, 2012, Officer M. Hammett of the Maryland Transportation Authority Police stopped a 2002 Dodge Stratus, VIN 1B3EL36X12N305971, with New York registration FPJ1592 (the "Vehicle") for a traffic violation.

    b.    The driver of the Vehicle was Fitzroy C. Simon ("Simon"). Simon identified himself with a Pennsylvania driver's license.

    c.    Daryl Winfree ("Winfree") is the registered owner of the Vehicle.

    d.    A can of pine scent air freshener was located on the rear passenger floor area of the Vehicle.

    e.    When he spoke with Officer Hammett, Simon had a white phlegm-like substance around his lips. This symptom, referred to as "cotton mouth," is a common result of smoking marijuana.

    f.    Simon consented to a search of the Vehicle.

    g.    The Vehicle contained the following:

        1.    a portable ash tray with the odor of burnt marijuana;

        2.       a pack of blunt rolling paper;

        3.       a 5-Hour Energy drink;

        4.       fast food wrappers;

        5.       a hidden electronic compartment in the passenger side air bag containing $21,319.00 in United States currency;

        6.       a knit skull cap containing a trace amount of marijuana flakes;

        7.       a portable red gas can.

h.       Simon stated that he did not know whom the currency belonged to.

i.       Officer Keightley, a trained K-9 handler, conducted a narcotic scan on the currency at the police station.

j.       The certified K-9 alerted positively to the presence of narcotics on the recovered currency.

k.       Simon has a prior arrest in New York in 2011 for criminal possession of a controlled substance.

l.       Simon does not have any reported wages.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND TRANSPORTATION AUTHORITY POLICE, IN REFERENCE TO THE SEIZURE OF $21,319.00 IN UNITED STATES CURRENCY AND ONE 2002 DODGE STRATUS FROM FITZROY SIMON ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

*[signature]*
Edward Marcinko, Jr.
Special Agent
Drug Enforcement Administration

## VERIFICATION

I, Richard C. Kay, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: July 16, 2013

_____
Richard C. Kay
Assistant U.S. Attorney

**MEMORANDUM**

| | |
|---|---|
| DATE: | July 16, 2013 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Theresa Tepe<br>Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. One 2002 Dodge Stratus, VIN 1B3EL36X12N305971, and $21,319.00 in U.S. Currency**<br><br>**Civil Action No.**<br><br>**CATS ID** 13-DEA-575934, -576576<br>**Agency Case No.** GC-13-0038 |

    The United States has filed a forfeiture action against **One 2002 Dodge Stratus, VIN 1B3EL36X12N305971, and $21,319.00 in U.S. Currency.** A copy of the Complaint for Forfeiture is attached.

    Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

    Thank you.

Attachment

1

| U.S. Department of Justice<br>United States Marshals Service | PROCESS RECEIPT AND RETURN |
|---|---|
| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER |
| DEFENDANT<br>One 2002 Dodge Stratus, VIN 1B3EL36X12N305971, and $21,319.00 U.S. Currency | TYPE OF PROCESS<br>Verified Complaint in Rem |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
GC-13-0038 / 13-DEA-575934, 13-DEA-576576

ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code)

SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW:

Theresa G. Tepe, FSA Paralegal Specialist
U.S. Attorney's Office
36 S. Charles Street, 4th floor
Baltimore, Maryland 21201

Number of process to be served with this Form - 285

Number of parties to be served in this case

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

Signature of Attorney or other Originator requesting service on behalf of: [signature]

TELEPHONE NUMBER: 410-209-4800
DATE: 7/16/13

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated.
(Sign only first USM 285 if more than one USM 285 is submitted)

| Total Process No. | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|
| | | | | |

☐ I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

Name and title of individual served (If not shown above).

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

Date of Service | Time am pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

PRIOR EDITIONS MAY BE USED        SEND ORIGINAL + 2 COPIES to USMS.
1. CLERK OF COURT  2. USMS Record  3. Notice of Service  4. Billing Statement  5. Acknowledgment of Receipt